UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APLUS HOLDINGS INC.,<br><br>*Plaintiff and Counter-Claim Defendant,*<br><br>- against -<br><br>IVAN VACHOVSKY and LILIAN VACHOVSKY,<br><br>*Defendants and Counterclaim Plaintiffs.* | Case No.: 08 CV 2760 (MGC)(DFE)<br><br>ECF Case<br><br>**ANSWER TO AMENDED COUNTERCLAIM** |

Plaintiff APLUS Holdings Inc. ("APLUS" or "Plaintiff"), by and through its undersigned attorneys, submits the following Answer to the Amended Counterclaim of Defendants Ivan Vachovsky and Lilian Vachovsky (the "Defendants").

1. APLUS admits that on or about July 25, 2006, the Defendants sold Abacus America, Inc., d/b/a Aplus.Net ("Abacus America"), along with two other companies they owned to APLUS. APLUS admits that APLUS Holdings was created for the purchase and operation of these companies and that its parent corporation is Catalyst Investors, a New York equity fund. APLUS further admits that its Chief Executive Officer ("CEO") is Gabriel Murphy. APLUS denies the remaining allegations in ¶ 1 of the Amended Counterclaim.

2. APLUS admits that it filed this lawsuit against Defendants for more than five million dollars in part on the basis that Defendants breached representations and warranties in the Stock Purchase Agreement ("SPA"). APLUS denies the remaining allegations in ¶ 2 of the Amended Counterclaim.

3. APLUS denies the allegations in ¶ 3 of the Amended Counterclaim.

4. APLUS denies that Defendants are properly owed monies under the SPA. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 4 of the Amended Counterclaim and therefore denies these allegations.

5. APLUS admits that this Court has supplemental jurisdiction over this Amended Counterclaim.

6. APLUS admits that Defendants founded a company that eventually became Abacus Trade Ltd. ("Abacus Bulgaria"). APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 6 of the Amended Counterclaim and therefore denies these allegations.

7. APLUS admits that Ivan Vachovsky founded Abacus America, a California corporation. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 7 of the Amended Counterclaim and therefore denies these allegations.

8. APLUS admits that Abacus America began doing business as Aplus.Net. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 8 of the Amended Counterclaim and therefore denies these allegations.

9. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Amended Counterclaim and therefore denies these allegations.

10. APLUS admits that Catalyst agreed to buy the Abacus entities from the Vachovskys in a transaction valued at approximately $36,000,000 after negotiations and diligence, and based on the representations made by Defendants. APLUS further admits that it did not tour the Phoenix data center during the diligence process. APLUS denies that Catalyst Investors approached the Vachovskys about purchasing Abacus America in early 2006. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 10 of the Amended Counterclaim and therefore denies these allegations.

11. APLUS admits that the SPA governs the obligations of the parties to each other with respect to the sale of Defendants' business to APLUS and that the SPA and the disclosures contained in the Schedules attached to the SPA are relevant to the claims in this case. APLUS denies the remaining allegations in ¶ 11 of the Amended Counterclaim.

12. In response to the allegations contained in ¶ 12 of the Amended Counterclaim, APLUS states that these allegations concern the contents, meaning, and/or implications of the SPA and constitute a legal conclusion to which no response is required, but to the extent a response is required, APLUS respectfully refers the Court to the SPA for the contents thereof. APLUS lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 12 of the Amended Counterclaim and therefore denies these allegations.

13. In response to the allegations contained in ¶ 13 of the Amended Counterclaim, APLUS states that these allegations concern the contents, meaning, and/or implications of the SPA and constitute a legal conclusion to which no response is required, but to the extent a response is required, APLUS respectfully refers the Court to the SPA for the contents thereof.

14. In response to the allegations contained in ¶ 14 of the Amended Counterclaim, APLUS states that these allegations concern the contents, meaning, and/or implications of the SPA and constitute a legal conclusion to which no response is required, but to the extent a response is required, APLUS respectfully refers the Court to the SPA for the contents thereof. APLUS admits that, pursuant to Section 6.5 of the SPA, it may offset the "Non-Compete Amount," as defined in the SPA, against its losses because Defendants breached representations and warranties in the SPA. APLUS denies the remaining allegations in ¶ 14 of the Amended Counterclaim.

15. APLUS denies the allegations in ¶ 15 of the Amended Counterclaim.

16. APLUS admits that, pursuant to Section 6.5 of the SPA, it may offset the "Non-Compete Amount" against its losses, because Defendants breached representations and warranties in the SPA. APLUS denies the remaining allegations in ¶ 16 of the Amended Counterclaim.

17. APLUS admits that it sent two letters to Defendants, the first on December 17, 2007, and the second on January 24, 2008, notifying Defendants of its claims for indemnification. APLUS denies the remaining allegations in ¶ 17 of the Amended Counterclaim.

18. APLUS admits that no Bulgarian authority has yet imposed any additional tax liability on APLUS as a result of Defendants' failure to pay certain Bulgarian taxes properly owing but that the Bulgarian government may do so in the future. To the extent that the allegations in ¶ 18 refer to APLUS's Complaint, the Complaint speaks for itself. APLUS denies the remaining allegations in ¶ 18 of the Amended Counterclaim.

19. APLUS admits that, pursuant to Section 6.5 of the SPA, it may offset the "Non-Compete Amount" against its losses, because of Defendants' breaches of representations and warranties in the SPA. APLUS admits that Defendants owe it over five million dollars in indemnification. APLUS denies the remaining allegations in ¶ 19 of the Amended Counterclaim.

20. APLUS denies the allegations in ¶ 20 of the Amended Counterclaim.

21. APLUS repeats and incorporates herein its responses to the allegations in ¶ 1 through ¶ 20 as though fully set forth herein.

22. APLUS admits the allegations in ¶ 22 of the Amended Counterclaim.

23. APLUS denies the allegations in ¶ 23 of the Amended Counterclaim.

24. APLUS denies the allegations in ¶ 24 of the Amended Counterclaim.

25. APLUS denies the allegations in ¶ 25 of the Amended Counterclaim.

WHEREFORE, APLUS denies that Defendants are entitled to any of the relief they seek against APLUS.

## AFFIRMATIVE DEFENSES

APLUS does not assume the burden of proof with respect to the defenses set forth below where the substantive law provides otherwise.

1. Defendants fail to state a claim for which relief can be granted.
2. Defendants' claims are barred by laches.
3. Defendants' claims are barred by waiver.

4. Defendants' claims are barred by estoppel.

5. Defendants' claims are offset, in whole or in part, by APLUS's claims against Defendants, as set forth in the Complaint.

6. Defendants' claims are barred by the terms of the SPA.

7. Defendants' alleges losses, in whole or in part, were proximately caused by Defendants' own acts and omissions.

8. Defendants' claims are barred, in whole or in part, by Defendants' own failure to perform under the SPA.

9. Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

10. APLUS reserves the right to assert other defenses as discovery proceeds.

Dated: August 28, 2008
      New York, New York

                                 Eric F. Leon (EL-5780)
                                 Mindy M. Yu (MY-2881)
                                 KIRKLAND & ELLIS LLP
                                 Citigroup Center
                                 153 East 53rd Street
                                 New York, New York 10022-4611
                                 Telephone:    (212) 446-4800
                                 Facsimile:    (212) 446-4900

*Attorneys for Plaintiff and Counterclaim Defendant*